John M. WOLFE, as Trustee for South Coast Cab Co., Inc.; Irene Roditis and Savvas Roditis, Plaintiffs–Appellants,

v.

The CITY OF ANAHEIM, et al., Defendants–Appellees.

No. 07–56031.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 31, 2008.

Maryann Cazzell, Esquire, Cazzell & Associates, Santa Ana, CA, for Plaintiffs–Appellants.

Moses Wilbur Johnson, Esquire, Anaheim City Attorney's Office, Anaheim, CA, for Defendants–Appellees.

Before: RYMER and M. SMITH, Circuit Judges, and KORMAN,* District Judge.

MEMORANDUM **

South Coast Cab, Inc. and its owners Irene and Savvas Roditis (together "South Coast") appeal from the district court's final judgment rejecting their challenges to the City of Anaheim's ("City") procedure for awarding taxicab franchises. The final judgment includes, *inter alia*, an order granting the City's motion to dismiss South Coast's 42 U.S.C. § 1983 causes of action and a subsequent order granting summary judgment in favor of the City on South Coast's Sherman Act claim. South Coast appeals as the assignees of the

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Chapter 7 Bankruptcy Trustee, the named plaintiff, who disclaimed his interest in this appeal. We affirm.

■ The district court did not err in dismissing South Coast's 42 U.S.C. § 1983 causes of action. South Coast lacked standing to challenge the franchise ordinance because it never applied for a franchise. *Madsen v. Boise State Univ.,* 976 F.2d 1219, 1220 (9th Cir.1992) (collecting cases). While South Coast argues that it would have been futile to have applied for a franchise, this issue was resolved against it in a related state court proceeding. Thus, South Coast is precluded from relitigating the issue here. *See, e.g., Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

■ Nor did the district court err in granting summary judgment in favor of the City on South Coast's Sherman Act cause of action. The City and its employees acting in their official capacity are immune from antitrust damages under the Local Government Antitrust Act of 1984 ("LGAA"). *See* 15 U.S.C. § 35(a). Moreover, South Coast may not avoid the LGAA's restrictions by asserting a § 1983 claim for damages based on alleged violations of the Sherman Act. The existence of express and more limited remedy provisions in the Sherman Act (15 U.S.C. § 15), is a clear "indication that Congress did not intend to leave open a more expansive remedy under § 1983." *See City of Rancho Palos Verdes v. Abrams,* 544 U.S. 113, 121, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005).

AFFIRMED.